# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR FERNANDO SAMBRANO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CATES, et al.,<br><br>　　　　　Defendants. | 1:21-cv-01456-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY <u>HECK V. HUMPHREY</u>, 512 U.S. 477 (1994) AND <u>EDWARDS v. BALISOK</u>, 520 U.S. 641 (1997)**<br><br>**(ECF No. 6.)**<br><br>**30 DAY DEADLINE** |

Plaintiff, Oscar Fernando Sambrano, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 29, 2021, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On November 8, 2021, the court dismissed the Complaint for violation of Rule 8(a) and failure to state a claim, with leave to amend.  (ECF No. 5.)  On November 18, 2021, Plaintiff filed the First Amended Complaint.  (ECF No. 6.)

Plaintiff is presently incarcerated at the California Correctional Institution in Tehachapi, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR).  He names as defendants in the First Amended Complaint  Mr. Brian Cates (Warden), CDCR Parole Board, Ms. Baker (Case Records), Mr. S. Vansickle (Counselor I), and Health Care Medical-Covid-19 (collectively, "Defendants").

In the First Amended Complaint Plaintiff claims that he was sent to prison without a legal conviction.   He claims that he is eligible for release due to expiration of time due to violation of criminal procedure.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643–647 (1997).

Plaintiff's First Amended Complaint does not contain any allegations to show that Plaintiff's prison term has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus.

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641, 643–647 (1997). **Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated:   **November 21, 2021**                    **/s/ Gary S. Austin**
                                                                                            UNITED STATES MAGISTRATE JUDGE